LEONARD BENANTI, RESPONDENT, v. SECURITY INSURANCE COMPANY, APPELLANT.

Kansas City Court of Appeals.   January 27, 1930.

*Frank Benanti* and *Julius C. Shapiro* for respondent.

*Charles C. Crow* and *Fyke & Hall* for appellant.

ARNOLD, J.—This action was instituted to recover on an insurance policy issued by defendant October 26, 1920, insuring plaintiff's automobile (a Cadillac touring car, 1919 model) against loss or damage by theft in the sum of $2400.

Plaintiff is a resident of Kansas City, Missouri, and defendant is a corporation, organized and existing under the law, and is engaged in writing insurance in the State of Missouri and elsewhere, against various kinds of automobile hazards.

The amended petition is in two counts, the first of which seeks reformation of the policy so as to state the true name of the insured, and the second alleges loss of the automobile by theft while the said policy was in effect, and asks damages by reason thereof in the sum of $2400, and interest; also ten per cent of the principal sum for vexatious delay and $500 attorney's fee.

Defendant's second amended answer is a general denial and the answer to the second count of the petition is specifically a general denial thereof. As affirmative defense the answer avers it is not true the car described in plaintiff's amended petition was stolen, but

that plaintiff employed a negro to take the car and dump it into the Missouri River; that said negro did take the car and reported to plaintiff he had so dumped it into the river; that thereafter plaintiff made claim for the amount of the insurance as provided in the policy, although said negro did not destroy said car but retained the same; that the car afterwards was found in the State of Kansas and that defendant requested plaintiff to obtain possession of the same, as defendant refused to recognize liability thereon. The amended answer further affirmatively avers:

". . . that the plaintiff obtained possession of the car described in the petition from a man by the name of Hutchings in July, 1919, and defendant states that at the time of obtaining possession of same, and claiming to be the purchaser thereof, the plaintiff did not obtain a deed therefor in accordance with the Act of 1919, then in full force and effect, and that by reason of the fact that the plaintiff obtained no deed for said car, the alleged sale was fraudulent and void, and plaintiff obtained no title thereto whatever; that all the times mentioned in this answer both plaintiff and the aforesaid Hutchins were residents of the State of Missouri; that for that reason the policy was absolutely void, and defendant incurred no liability thereunder, and said policy has and had no existence in fact."

It is further alleged in the amended answer that at the time the insurance was procured plaintiff falsely and fraudulently represented to defendant that the car was a 1919 model, when, in truth and in fact the car was a 1916 model; that if defendant had known the true facts with reference to the age of the car, it would not have issued nor caused to be issued the policy in question, or, if it had issued such a policy, a greatly increased premium would have been charged therefor.

The answer further states that when defendant informed plaintiff of the location of the car and denied liability, the plaintiff refused to obtain possession thereof and claimed the amount of the policy; that a short time thereafter, defendant obtained possession of said car and tendered same to plaintiff, which tender plaintiff refused. The answer also alleges that on February 12, 1924, defendant paid into the circuit court of Jackson county, Missouri, the sum of $62.80, which sum was paid to the clerk of said court and that said sum included the full amount of the premium, $54 paid by plaintiff and the accrued costs to that date; that this sum was tendered in open court and afterwards paid to the clerk after judgment entered for plaintiff on the first count reforming the policy to show that Leonard Benanti was the proper plaintiff in the cause.

The reply was a general denial. The cause was tried to the court and jury. Verdict was for plaintiff in the sum of $3240.50, including $840.50 interest and $500 attorney's fee, and judgment was en-

tered accordingly. A motion for a new trial was overruled and defendant has appealed.

At the threshold of this review we are confronted with plaintiff's motion to dismiss the appeal upon the grounds that defendant's statement of facts is insufficient and that the abstract of the record fails to set out all of the material testimony introduced at the trial. We find the statement of facts very short but in its reply brief defendant specifically names all points upon which the appeal is based, save one, in the following language:

"Respondent attacks the sufficiency of appellant's statement. In this connection appellant desires to remind the court that the only issue relied upon by appellant is that plaintiff did not have legal title to the automobile in question, and hence did not have any insurable interest therein."

In this situation we must consider the statement of facts sufficient, though unusually short. The statement shows the suit to be one on a policy of theft insurance; names the assured and his address and the insurer; the terms, amount and subject of the insurance and the perils insured against; the theft of the car during the term of the policy; how and when plaintiff acquired the automobile certificate received by plaintiff when he purchased the car; sets out the indorsement on the certificate and refers to a photostatic copy thereof at the proper page of the abstract of the record; sets forth the issue of whether said certificate is sufficient to pass the title and an insurable interest to plaintiff.

The statement further shows the result of the trial and the appeal from the judgment. As defendant stands solely on the sufficiency of the automobile certificate and the validity of the indorsement thereon to pass title and an insurable interest to plaintiff, under the provisions of section 1511, Revised Statutes 1919, and our rules 15, 16 and 17, plaintiff's motion to dismiss the appeal is accordingly overruled.

We will proceed to a determination of the only question now presented for our consideration, to-wit, the sufficiency of the certificate to pass title to plaintiff and thereby give him an insurable interest in the car.

There are eleven assignments of error, the first of which is that the court erred in overruling defendant's demurrer at the close of plaintiff's evidence; and second, that the court erred in overruling a similar demurrer at the close of all the evidence. As these two assignments cover defendant's position as to the sufficiency of the certificate of ownership, and all other points being abandoned, we shall consider only this point.

It is defendant's position that the ownership of the automobile was in one A. E. Hutchings and in July, 1919, plaintiff acquired

possession of the car, at the same time receiving as his sole evidence
of title the certificate which had been issued to said Hutchings, on
the back of which was the following indorsement:

"A. E. Hutchings,
"Per H. B. Hutchings
"Leonard Benanti."

"Attest,
"Geo. P. St. John,
"Notary Public.
"My Com. expires 4-29-23."

It is contended that this certificate, with the indorsements, is in-
sufficient on its face, and did not transfer title to plaintiff, and that
plaintiff, therefore, had no insurable interest therein.

The policy recites: "If the interest of the assured in the subject-
matter of this insurance be other than unconditional and sole owner-
ship," the policy shall be void. The points strongly stressed under
this charge are (1) that A. E. Hutchings the owner named in the
certificate did not indorse the same on the back thereof, but that his
name was signed "Per H. B. Hutchings" and that the latter is the
one who appeared before the notary public, instead of A. E. Hutch-
ings, the true owner; (2) that the signature of Leonard Benanti ap-
pearing on the certificate and plaintiff's admitted signature to the
proof of loss are not the same. It is insisted in this connection that
plaintiff's only evidence of title is the automobile certificate in evi-
dence.

We cannot accept these statements as conclusive as shall herein-
after appear. Section 7561, Revised Statutes 1919, was in effect at the
time of the sale of the automobile in question, and it is provided there-
in:

"In order to make valid or legal a sale or transfer of any motor
vehicle registered in accordance with the provisions of this chapter,
the vendor shall, in the presence of an officer qualified to take ac-
knowledgments to deeds, indorse his name on the back of said cer-
tificate of registration described in section 7555, and the vendee shall
also, in the presence of such officer and underneath the name of the
vendor, write his own name, and to both of said names the officer
shall sign his name as a witness and receive the sum of twenty-five
cents therefor; and thereupon the vendor shall deliver to the vendee
or transfer the said certificate of registration and which shall be the
evidence of the vendee or transferee of his ownership of said motor
vehicle, and it shall be the duty of such vendee or transferee, upon
request of any peace officer, to exhibit to such officer the said cer-
tificate of registration. Upon such sale of a motor vehicle, the ven-
dor shall give notice thereof with the name and address of the
vendee to the Secretary of State, and the vendee shall within five

days after such sale, give notice to the Secretary of State of such sale, . . . the number under which the motor vehicle is registered . . . and upon the payment by the vendee of a fee of fifty cents the Secretary of State shall note upon the registration or index such change in ownership.'' Etc.

And section 7555 provides:

''. . . the Secretary of State shall assign to such motor vehicle a distinctive number and, without expense to the applicant, issue and deliver to the owner a certificate of registration, in such form as the Secretary of State shall prescribe, and two duplicate number plates. It shall be the duty of the Secretary of State to establish in all cities of this State which now have, or may hereafter have, two hundred thousand population, or more, a branch office, at which he shall station a clerk, who shall be authorized to receive applications for registering motor vehicles and to deliver number plates to all applicants complying with the provisions of the law;'' . . .

The evidence shows the registration certificate discloses that a Cadillac touring car, motor No. 21177, had been registered in the name of A. E. Hutchings, on March 22, 1919. On the reverse side of the certificate appears the name ''A. E. Hutchings, Per H. B. Hutchings,'' and beneath this indorsement is the name of the transferee, ''Leonard Benanti,'' and immediately thereunder appears the following: ''Attest, Geo. P. St. John, Notary Public. My Com. expires 4-19-23.'' With the impress of the notarial seal. Also, it is noted that on the face of the certificate of registration appears: ''Transfer noted of Record'' (Signed) ''John L. Sullivan, Secretary of State.''

There is evidence of record showing that said certificate is in the form issued in 1919 and 1920 for registration and transfer of automobiles in Missouri. It is also in evidence that George P. St. John who witnessed and attested said signatures as a notary public, on July 19, 1919, occupied the position of Secretary of State, or authorized clerk in charge of the branch office of the secretary at Kansas City, Missouri, for the licensing and registering of automobiles. With this evidence of record, and the further fact that the certificate on its face shows transfer of title, as noted on the certificate itself, and that the transfer is noted on the books of registration for the year 1919, in the office of the Secretary of State, we hold there was a legal transfer of ownership of the car in question to plaintiff.

It is not disputed that section 7561 was passed to curb traffic in stolen automobiles and to assist in the collection of revenue for the State. In the case at bar the office of the Secretary of State was doubtless satisfied with the proof of ownership by plaintiff, since it accepted it and issued the certificate of transfer and registered the

same. We think the certificate of transfer, on its face, shows a substantial compliance with the requirements of the statute. In Ross v. Railway Co., 111 Mo. 18, 19 S. W. 541, which is called to our attention, the Supreme Court said:

". . . where such a statute as this has been interpreted by those executive officers whose duty it is to enforce it, and their construction has been acted upon for any considerable time, due regard should be paid to such construction."

The executive officer's certificate is accepted as prescribed evidence of the facts therein detailed; and is in the nature of a formal history of the thing done. [Bank v. Hughes, 10 Mo. App. 7, 18; State ex rel. v. Roach, 269 Mo. 437, 190 S. W. 862; State ex rel. v. Baker, 316 Mo. 853, 293 S. W. 399.] And to the same effect is the more recent case of State ex infra v. Lumber Co., 12 S. W. (2d) 64 (Mo.).

All other points raised by appellant have been abandoned and therefore will not be here considered. For the reasons above stated, the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.