STELLA SWINNEY, RESPONDENT, v. MODERN WOODMEN OF AMERICA, APPELLANT.—95 S. W. (2d) 655.

Kansas City Court of Appeals.  June 15, 1936.

*William R. Ross, Nile L. Vermillion* and *Randolph & Randolph* for respondent.

*George G. Perrin, George H. McDonald, Nelson C. Pratt* and *Mayer, Conkling & Sprague* for appellant.

SPERRY, C.—Plaintiff below will be known as respondent herein, and defendant below will be referred to as appellant. James T. Swinney, husband of respondent, will be called insured.

Appellant issued its policy in amount of $2000 on the life of insured in 1903. Later this policy was reissued and respondent was named as sole beneficiary. In 1929, appellant, by appropriate action, changed its by-laws and provided therein that rates on all policies issued prior to 1919 should be increased materially under a step rate plan; or insured could, at his option, without physical examination, exchange his policy for another, providing for payment of premiums under a level rate plan. These changes, affecting insured's policy, were thoroughly explained in a monthly magazine sent to all members and respondent admitted that "Mr. Swinney every month got a little paper from them." The evidence of respondent is that insured paid monthly premiums at the new rates thus promulgated, from and including July, 1930, when they became effective, until and including February, 1931. He was himself an officer in the local lodge at Liberty. He was not wholly confined to bed but spent two or three days each week down town talking with friends. He was suspended for non-payment of dues for March, 1931, and a notice thereof was duly deposited in the United States mail in a stamped envelope, addressed to insured at his then address, and it pointed out the uncertainties of life and urged him to reinstate. The suspension and notice dealt with the policy he then held and which is here sued on.

Respondent testified that a special representative of appellant called at the home of insured in February, 1931, and told insured, in the presence of herself and daughter, who also testified to the same effect, "He said it (the policy) wouldn't be any good; he would have to have a new policy; he said that over and over; that was all he did say to him." "Yes, I told him I had been paying and I would rather go on just as it was, and he said there would be no use, if he didn't have a new policy, no use to send any more money; it wouldn't be accepted at headquarters." No inquiry was made by insured, or any one for him, of the local officer to whom dues had always been paid, although he lived in Liberty, was well known to insured and his family, and maintained an office where dues were collected. No other investigation was made by, or for, insured, regarding necessity of taking out a new or different policy, except respondent "wrote a letter to the Head Camp and told them about what this man told me and all, but I didn't receive any reply." No tender of dues was ever made after the visit of this representative of appellant. Insured died February 2, 1933, and after demand and refusal to pay the death benefit of the policy, this suit was brought. The jury found for respondent and this appeal is prosecuted from the refusal of the court to grant a new trial.

Respondent moves to dismiss the appeal, alleging that the statement is not concise and otherwise violates rule 16 of this court. The statement is not unduly long in view of the lengthy pleadings filed on both sides, whereby many facts alleged were admitted in the pleadings, although the evidence taken was rather brief. It is claimed that it does not state the date and term when judgment was rendered, does not refer to the motion for new trial, the action thereon, or to the appeal or its having been granted. The statement shows a trial was had, that the jury found for respondent, that judgment thereon was rendered and that appeal was taken. This is sufficient in this case. [Benanti v. Security Ins. Co., 224 Mo. App. 410.]

Appellant claims the Buchanan Circuit Court had no jurisdiction of it because the company maintained no office in that county and respondent did not reside in the county, nor did the cause of action accrue there. No plea in abatement was filed and at the close of plaintiff's evidence on the merits of the case, appellant requested a directed verdict, and again a directed verdict was requested at the close of the whole case. The point is ruled against appellant. [McMullen v. Modern Woodmen, 87 S. W. (2d), l. c. 657.]

Appellant contends that a submissible case was not made for the jury on the grounds that insured could not rely on statements of this special representative made to him, and thus estop appellant from denying that the policy was still in force because it is not shown by the evidence that respondent made any other investigation in order to learn of the truth or falsity of the alleged statement that the policy would be no good and that appellant would not accept dues thereon.

This situation is thus stated in Biggs v. Modern Woodmen, 82 S. W. (2d), l. c. 905: "Because defendant's special service representative, by false representations that Biggs' certificate was worthless and could not be continued in force by the payment of any amount, induced and caused Biggs to fail to pay his July, 1930, assessment, and that defendant was estopped from forfeiting his policy for a failure it brought about."

Each case bottomed upon estoppel must be determined by the facts in that particular case. [Biggs v. Modern Woodmen, *supra;* State ex rel. v. Haid, 328 Mo. 747-749.] And if estoppel is to be relied upon there must have been a misrepresentation of a material *past* or *existing fact*, and the party to whom it was made must have relied on it and either acted, or failed to act, by reason thereof, to his disadvantage. [State ex rel. v. Haid, *supra.*] It is not grounds for estoppel if the statement relied on was as to a future happening, or an expression of opinion or prediction as to a future event. [Biggs v. Modern Woodmen, 82 S. W. (2d), l. c. 907; Rechow v. Bankers Life Co., 73 S. W. (2d), l. c. 801.] The exception to the above rule is

where such representations regarding future events have to do with forfeiture of an existing right. [21 C. J. 1142.]

Respondent's evidence is that the agent told insured that the company *would* not accept the premium, no use *to send* it in, it *wouldn't* be accepted at headquarters, the policy *wouldn't* be any good, it *was* going into an old line company. All such statements, in the language of respondent herself, leave nothing to inference as to the nature of the representations. They were expressions of opinion as to a future happening, a prediction as to what the company would do in the future. There was no statement from respondent that she or insured was told that the policy was then no good, or that the company had gone into an old line company. While in the Biggs case it was held that the evidence showed that Biggs did not believe the statements of the agent, it was also said that the statements related to past and existing facts as well as to future events. But if this case presents an exception to the rule as stated in 21 C. J. 1142, yet estoppel cannot be successfully maintained. Insured here had the remainder of the month of March, 1931, or until he should become delinquent on some unmentioned date in that month, in which to investigate the truth of the statements. Indeed, for at least two months thereafter, under the terms of the by-laws, he could have investigated. Many cases hold that one illegally or improperly expelled cannot sit idl ' by for an unreasonable time and still receive benefits under the doctrine of estoppel. [Easter v. Yeomen, 172 Mo. App. 298; Bange v. Supreme Council, 179 Mo. App. 46: Lavin v Grand Lodge A. O. U. W., 112 Mo. App., l. c. 20.] The only thing he did was to write a letter to the company, stating what the agent had said. Even if it be conceded that the company must be conclusively presumed to have received the letter, which the company denied, simply because the jury found for respondent on the whole case, yet the sending of such an unanswered letter is scarcely the due diligence that is required in this particular kind of case where insured had received all information about this very matter in monthly magazines, was an officer in the local lodge, had always paid dues and assesments to the local clerk who maintained an office there in the town and was personally known to respondent and insured, had never paid dues to the head office, and he neither made any inquiry of said clerk nor offered to pay dues to him or anyone else after the statement of the agent.

He was not destitute of knowledge as to the real facts for he had in his own house magazines and papers of the company fully informing him on the very subject. The very address for the letter above mentioned was taken from such a magazine. If he did not read them, as contended by respondent, then he conducted himself with such careless indifference as to prevent invoking the doctrine of estoppel.

One cannot thus fail to avail himself of information within easy reach and ignore circumstances such as were shown in this case touching his substantial rights, and then recover on estoppel. [21 C. J., 1129-1130.] Both insured and appellant's agent had equal means of knowledge, to-wit, the by-laws themselves. Both had access to same within easy reach, the one from his principal and the other from magazines received by him every month and admitted to have contained the true facts as to insured's rights. Failure to inform himself in such a case bars a plea of estoppel. Note, we do not hold that he is conclusively presumed to know the provisions of the by-laws, but only that he was required to inform himself as to the truth of the statements of the agent when the means were within his reach as in this case. [Blodgett v. Perry, 97 Mo., l. c. 273.]

Appellants specifically pleaded the limitation of authority of the special agent, and alleged he had no authority to make the representations alleged to have been made. Respondent, in her reply, admitted such allegations of limited authority. This was a judicial admission that the special agent had no authority to make the representations claimed to have been made and relied on, hence not binding on appellant. [McMullen v. Modern Woodmen of America, 87 S. W. (2d), l. c. 659.]

No submissible case was made and a demurrer should have been sustained.

In view of the above, it is not necessary to pass on the other question raised. Judgment reversed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of Sperry, C., is adopted as the opinion of the court. The judgment is reversed. *Shain, P. J.,* concurs; *Bland* and *Reynolds, JJ.,* concur in result.